**UNITED STATES of America, Petitioner–Appellee,**

v.

**John T. STONE, Jr.; Roy A. Wujkowski, Respondents–Appellants.**

No. 91–2244.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1992.

Decided Oct. 6, 1992.

**910**

Richard Murray, Murray & Price, Washington, D.C., argued (Christian D. Abel, Carmen Anthony Jacobs, Jr., on brief), for respondents-appellants.

Lowell Vernon Sturgill, Jr., Civil Div., U.S. Dept. of Justice, Washington, D.C., argued (Stuart M. Gerson, Asst. Atty. Gen., Anthony J. Steinmeyer, Civil Div., U.S. Dept. of Justice, Kenneth E. Melson, U.S. Atty., Paula Pugh Newett, U.S. Atty.'s Office, Alexandria, Va., on brief), for petitioner-appellee.

Before WIDENER, SPROUSE, and WILKINSON, Circuit Judges.

## OPINION

PER CURIAM:

In *United States v. Wujkowski*, 929 F.2d 981, 986 (4th Cir.1991), we reversed the district court's judgment granting the government's motion for enforcement of sub-poenas duces tecum issued to John Stone, Jr. and Roy Wujkowski. We remanded for an *in camera* review of the documents that were the subject of the subpoenas, and for a more specific finding whether they were business documents properly subject to the subpoenas or whether they contained personal entries protected by the Fifth Amendment's proscription against self-incrimination.

The facts of the case were reported in our previous decision and need not be detailed again. Briefly speaking, the Department of Energy had conducted a prolonged investigation concerning the relationship of some of its employees to Technology and Management Services, Inc. (TMS), a frequent contractor with the Department. In response to the government's motion for enforcement, the district court ordered Wujkowski and Stone, officers of TMS, to obey the Department's subpoena. It required them to produce:

"all original desk and pocket calendars, appointment books, planner schedules, and daily meeting logs maintained or kept on a personal and/or business basis for calendar years 1985, 1986, 1987, 1988, and for the first three quarters of 1989." The subpoena directed to Wujkowski also demanded that he produce business records related to Ashford Associates [a company owned by Wujkowski] and records related to a beach home he owned. In regard to the beach house, the subpoena sought a list of names and addresses of all people who had used the house from 1983 to September 1989 and any correspondence related to its use. The Department contended that Wujkowski had allowed its employees to use the house in return for preferential treatment for his business interests.

*Id.* at 982 (quoting subpoena).

The district court, in its initial consideration of the government's motion for enforcement, had concluded that "the business related notations in the appointment books or calendars are corporate records." *Id.* at 984. We were of the view in the first appeal, however, that since the court had neither conducted an *in camera* review of

the documents nor received any other information explaining whether they were business or personal, its conclusion was based on an inadequate finding of fact. *See In re Grand Jury Subpoena Duces Tecum Dated Apr. 23, 1981 Witness v. United States,* 657 F.2d 5, 8 (2d Cir.1981); *In re Grand Jury 89–4 Subpoena Duces Tecum Dated Aug. 2, 1989,* 727 F.Supp. 265, 267–68 (E.D.Va.1989); *In re Grand Jury Subpoena Duces Tecum Dated Apr. 23, 1981,* 522 F.Supp. 977, 979–80 (S.D.N.Y.1981).

Our remand instructed the district court to give Wujkowski and Stone opportunities to demonstrate that the disputed items were personal and that the acts of production would involve testimonial self-incrimination. We noted that the burden of making these showings was on Wujkowski and Stone. On remand the district court conducted two hearings, considered arguments of counsel, and reviewed *in camera* the targeted documents and the affidavits of Wujkowski and Stone.

■ Regarding Stone, the court noted that his five pocket-sized diaries were for the years 1985 through 1989. It found that there were some unspecified personal entries but not enough to alter the character of the documents as business ones. Stone's affidavit was found not to address the vast majority of the entries. The court held that Stone failed to satisfy his burden of proving that the nature of the entries and the capacity in which he held the documents were personal.

The only Wujkowski calendars at issue were for the months of November and December, 1989. The court found that the entries were too cryptic to characterize as either personal or business, and that Wujkowski's affidavit was likewise insufficiently specific. We agree with the district court that Wujkowski and Stone did not meet their burden of establishing the personal nature of their diaries.

■ We turn next to Wujkowski's beach house records, which the district court, having conducted its *in camera* review, described as "statements of the rental agent, bills for public utilities, the telephone company, and the power company." We agree with the district court's conclusion that although the documents are personal, they are unprotected by the privilege against self-incrimination because their existence, possession, and authentication are a "foregone conclusion"; their production "adds little or nothing to the sum total of the Government's information." *Fisher v. United States,* 425 U.S. 391, 411, 96 S.Ct. 1569, 1581, 48 L.Ed.2d 39 (1976); *see United States v. Lang,* 792 F.2d 1235, 1241 (4th Cir.), *cert. denied,* 479 U.S. 985, 107 S.Ct. 574, 93 L.Ed.2d 578 (1986). As in *Lang,* the existence of the beach house records is not in dispute. Wujkowski makes no argument that he was not billed for the use of utilities at the beach house during the period at issue, or that he did not rent the house to other people. Indeed, the Department possessed sufficient knowledge that Wujkowski had rented out the house between 1983 and September 1989 to request a list of people who had used the house during that period. *Cf. Lang,* 792 F.2d at 1241 (existence and possession of loan agreements were a foregone conclusion where government had sufficient prior knowledge about the agreements to make a specific request for them). Also as in *Lang,* Wujkowski's possession of the records is not disputed. As the owner of the house, it is a foregone conclusion that he would have the utility bills and rental records for the house. Finally, assuming that Wujkowski would authenticate the beach house records by producing them,* *see* Fed. R.Evid. 901; *United States v. Grande,* 620 F.2d 1026, 1035 (4th Cir.), *cert. denied sub nom. Berg v. United States,* 449 U.S. 919, 101 S.Ct. 317, 66 L.Ed.2d 146 (1980), the authentication is a foregone conclusion if someone else can verify that the records are in fact what they purport to be. *Lang,* 792 F.2d at 1241; *United States S.E.C. v. First Jersey Secs., Inc.,* 843 F.2d 74, 76 (2d Cir.1988). The district court held that the

---

* If Wujkowski's production of the records is insufficient to authenticate them, there is no self-incrimination. *See Fisher,* 425 U.S. at 413, 96 S.Ct. at 1582; *Butcher v. Bailey,* 753 F.2d 465, 469 (6th Cir.), *cert. dismissed,* 473 U.S. 925, 106 S.Ct. 17, 87 L.Ed.2d 696 (1985).

beach house documents "could easily be obtained from the utilities involved," and by "utilities" it is clear that the court was including the rental agent. Wujkowski offered no evidence to support his argument that the documents contained "rental information which would not be available from any utility." In view of Wujkowski's sparse factual input, we, of course, cannot say that the district court made an erroneous factual conclusion that the records could be authenticated by the utilities and the rental agent.

 We also affirm the district court's holding that Wujkowski's status as the sole shareholder, director, officer, and employee of Ashford Associates did not excuse him from the duty of producing Ashford corporate documents that he held in his representative capacity. In *Braswell v. United States,* 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988), the Supreme Court stated:

> We leave open the question whether the agency rationale [that a person subpoenaed as a representative of a corporation acts as an agent and not an individual when he produces corporate records] supports compelling a custodian to produce corporate records when the custodian is able to establish, by showing for example that he is the sole employee and officer of the corporation, that the jury would inevitably conclude that he produced the records.

*Id.* at 118 n. 11, 108 S.Ct. at 2295 n. 11. We believe the district court correctly answered the question left open in *Braswell.*

 The privilege against compulsory self-incrimination is, of course, personal, and does not apply to collective entities, such as corporations. *Bellis v. United States,* 417 U.S. 85, 89–90, 94 S.Ct. 2179, 2183–84, 40 L.Ed.2d 678 (1974). Ashford is a one-man operation; however, it is still a corporation, a state law-regulated entity that has a separate legal existence from Wujkowski shielding him from its liabilities. The business could have been formed as an unincorporated sole proprietorship and production of its business records protected by the privilege against self-incrimi-

nation. *See United States v. Doe,* 465 U.S. 605, 608, 104 S.Ct. 1237, 1240, 79 L.Ed.2d 552 (1984). Wujkowski chose the corporate form and gained its attendant benefits, and we hold, in accord with the decisions of sister circuits, that he cannot now disregard the corporate form to shield his business records from production. *United States v. Lawn Builders of New England, Inc.,* 856 F.2d 388, 394 (1st Cir.1988); *In re Grand Jury Proceedings (John Doe Co.),* 838 F.2d 624, 627 (1st Cir.1988); *In re Grand Jury Proceedings (Morganstern),* 771 F.2d 143, 148 (6th Cir.) (en banc), *cert. denied,* 474 U.S. 1033, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985); *In re Two Grand Jury Subpoenae Duces Tecum,* 769 F.2d 52, 59 (2d Cir.1985).

Accordingly, the district court's judgment is affirmed.

AFFIRMED.