**In re GRAND JURY WITNESSES.**

No. 95–3742.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1996.

Decided Aug. 13, 1996.

William W. Taylor, Washington, DC, argued (Steven M. Salky and Kelly S. Austin, on the brief), for appellant.

David M. Uhlmann, Washington, DC, argued (Lois J. Schiffer, Karen E. Scherier and Dennis R. Holmes, on the brief), for appellee.

Before BOWMAN, LAY, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

A federal grand jury in South Dakota is investigating possible criminal violations of the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, at a corporation's waste water treatment facility. Two former employees have pleaded guilty to a conspiracy to violate the Clean Water Act, and the grand jury investigation includes whether senior corporate officers may be criminally liable as "responsible corporate officer[s]" under 33 U.S.C. § 1319(c)(6). The corporation has responded to grand jury document subpoenas, acting through its designated document custodians.

In this portion of the proceedings, two high-ranking corporate officers (the "Witnesses"), who are not currently targets of the investigation, move to quash document subpoenas demanding they produce "all documents in your possession" relating to operation of the corporation's waste water treatment plant and to the resulting pollution problems. The government has not granted the Witnesses use immunity under 18 U.S.C. §§ 6002 and 6003. Rejecting their Fifth Amendment challenge to the subpoenas, the district court[1] denied the motion to quash, ordered the Witnesses to produce "all corporate records in their possession," and held them in contempt for refusing to comply. The Witnesses appeal. We affirm.

■■■ The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." This protection does not apply to the contents of any document that a person has voluntarily prepared. *See United States v. Doe*, 465 U.S. 605, 611–12, 104 S.Ct. 1237, 1241–42, 79 L.Ed.2d 552 (1984). However, when a grand jury subpoenas a person's private papers, the act of producing responsive documents "has communicative aspects of its own, wholly aside from the contents of the papers," such as whether a document exists, is genuine, and is in the subpoenaed person's possession. *Fisher v. United States*, 425 U.S. 391, 410, 96 S.Ct. 1569, 1580–81, 48 L.Ed.2d 39 (1976). Therefore, depending on the circumstances, the act of producing personal papers may be testimonial self-incrimination protected by the Fifth Amendment. *See Doe*, 465 U.S. at 613–14, 104 S.Ct. at 1242–43; *In re Grand Jury Proceedings*, 41 F.3d 377, 380–81 (8th Cir. 1994).

■■ However, the Fifth Amendment does not protect corporations and other "collective entities" from compelled self-incrimination. *See Hale v. Henkel*, 201 U.S. 43, 69–70, 26 S.Ct. 370, 376–77, 50 L.Ed. 652 (1906) (corporation); *United States v. White*, 322 U.S. 694, 699, 64 S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944) (labor union); *Bellis v. United States*, 417 U.S. 85, 100–01, 94 S.Ct. 2179, 2189–90, 40 L.Ed.2d 678 (1974) (law partnership). Because corporate document custodians hold corporate records in a representative rather than a personal capacity, those records "cannot be the subject of the [custodian's] personal privilege against self-incrimination." *White*, 322 U.S. at 699, 64 S.Ct. at 1251.

The Witnesses argue that the district court erred in applying the collective entity doctrine in this case because they were subpoenaed personally, not as corporate document custodians, and because the act of production may compel them to disclose their personal possession of incriminating corporate documents. In other words, the Witnesses claim that they may not be compelled to produce collective entity documents in their possession if that act of production might incriminate them. This issue was decided in the government's favor in *Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988). The Witnesses' attempt to distinguish *Braswell* is unpersuasive, at least at this stage of the grand jury proceedings.

In *Braswell*, the government subpoenaed the president and sole shareholder of two corporations to produce all corporate books and records. He moved to quash, arguing that the act of production would incriminate him and the collective entity doctrine should not apply to entities that are his alter ego. The Supreme Court rejected that argument. After thoroughly reviewing its collective entity and act-of-production cases, the Court squarely held, "A custodian may not resist a subpoena for corporate records on Fifth Amendment grounds." 487 U.S. at 113, 108 S.Ct. at 2293. Responding to the contention that this rule will subject corporate custodians to personal act-of-production incrimination, the Court explained:

Although a corporate custodian is not entitled to resist a subpoena on the ground that his act of production will be personally incriminating, we do think certain consequences flow from the fact that the custodian's act of production is one in his representative rather than personal capacity.

1. The HONORABLE RICHARD H. BATTEY, Chief Judge of the United States District Court for the District of South Dakota.

Because the custodian acts as a representative, the act is deemed one of the corporation and not the individual. Therefore, the Government concedes, as it must, that it may make no evidentiary use of the "individual act" against the individual. For example, in a criminal prosecution against the custodian, the Government may not introduce into evidence before the jury the fact that the subpoena was served upon and the corporation's documents were delivered by one particular individual, the custodian.... Because the jury is not told that the defendant produced the records, any nexus between the defendant and the documents results solely from the corporation's act of production and other evidence in the case.

487 U.S. at 117–18, 108 S.Ct. at 2295. *Accord In re Grand Jury Subpoena (85–W–71–5)*, 784 F.2d 857, 861 (8th Cir.), *cert. granted*, 479 U.S. 811, 107 S.Ct. 59, 93 L.Ed.2d 18 (1986), *cert. dismissed*, 479 U.S. 1048, 107 S.Ct. 918, 93 L.Ed.2d 865 (1987).

■ The Witnesses seek to distinguish *Braswell* by arguing that the subpoenas in this case are directed to them personally and call for corporate documents in their personal possession. As numerous cases make clear, this is a distinction without a difference. Fifth Amendment protection does not turn on whether the subpoena is directed to the collective entity, to a person as that entity's document custodian, or to the person individually. *See Bellis*, 417 U.S. at 86, 94 S.Ct. at 2182 (subpoena addressed to individual partner demanding all partnership records in his possession); *Braswell*, 487 U.S. at 108–09, 108 S.Ct. at 2290–91; *In re Grand Jury Subpoena Dated April 9, 1996*, 87 F.3d 1198, 1201–02 (11th Cir.1996). The issue is whether the subpoena requires the person to produce corporate records held in a representative capacity. Here, the district court clarified any ambiguity in that regard by ordering the Witnesses to produce "corporate records in their possession." It is irrelevant that the Witnesses are not the corporation's designated document custodians. For Fifth Amendment purposes, any corporate agent with possession, custody, or control of corporate records produces those records in a representative capacity. *See In re Sealed Case*, 877 F.2d 83, 86 (D.C.Cir.1989), *cert.*

*denied*, 493 U.S. 1044, 110 S.Ct. 839, 107 L.Ed.2d 834 (1990).

■ As the above-quoted passage from *Braswell* makes clear, our decision that the district court's order to produce must be affirmed does not mean that the Witnesses are doomed to suffer the consequences of act-of-production incrimination. Their private papers remain protected by the Fifth Amendment, and issues of whether a particular document is a private paper or a corporate record may be submitted to the district court *in camera*. As for the corporate records they produce, the Fifth Amendment protects against self-incrimination at the grand jury stage of a criminal proceeding, *see Counselman v. Hitchcock*, 142 U.S. 547, 562, 12 S.Ct. 195, 197–98, 35 L.Ed. 1110 (1892), and therefore *Braswell* necessarily means that the government may not tell the grand jury which corporate custodian has produced a particular document, if that information might be incriminating. Of course, the government may subpoena the Witnesses to testify concerning documents they produce as corporate custodians. *See generally Curcio v. United States*, 354 U.S. 118, 123–24, 77 S.Ct. 1145, 1149–50, 1 L.Ed.2d 1225 (1957). The fighting issue then is often whether, and to what extent, a custodian may be compelled, without use immunity, to authenticate corporate documents. *Compare In re Custodian of Records of Variety Distrib., Inc.*, 927 F.2d 244, 250–51 (6th Cir.1991), *with In re Grand Jury Empaneled on April 6, 1993*, 869 F.Supp. 298, 307–08 (D.N.J.1994). At that stage of the proceedings, it may well be relevant whether the person was designated by the corporation as its authorized custodian, or is simply a corporate agent whom the government has designated a *de facto* custodian by issuing its subpoena. As the Supreme Court made clear in *Fisher*, such issues are inevitably fact intensive. At this stage of these proceedings, they are clearly premature.

The order of the district court is affirmed. The government's motion to supplement the record is denied.