**UNITED STATES of America, Petitioner,**

v.

**MAXEY & COMPANY, P.C., Respondent.**

No. 3:97–CV–0111 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 24, 1997.

Clifford D. Johnson, Office of the U.S. Attorney, South Bend, IN, Kevin P. Jenkins, U.S. Dept. of Justice, Washington, DC, for U.S.

Gerald F. Lutkus, Stephen A. Seall, Barnes and Thornburg, South Bend, IN, for Maxey & Co., P.C.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This cause is before the court pursuant to the Petition to Enforce Internal Revenue Service Summons filed by the petitioner, the United States of America, on February 11, 1997. This petition was filed pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), and seeks an order from this court directing the respondent, Maxey & Company, P.C. ("Maxey & Company"), a corporate entity, to obey the summons served upon it on March 28, 1996, and to order the attendance and testimony of an agent of the respondent, as well as the production of the requested documents, before Special Agent James D. Robertson of the Internal Revenue Service ("IRS") as required by the summons.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 1996, Special Agent James D. Robertson of the IRS personally served an IRS summons upon Mr. Michael C. Maxey, the sole agent of Maxey & Company, directing the respondent, through its agent, to appear before him on April 9, 1996. The summons directed the respondent to produce and testify to the following documents:

Any and all records of Maxey & Company, P.C., for the period December 1, 1991 through January 31, 1995, to include, but not limited to the following: (1) Corporate minutes; (2) Cash receipt journal; (3) Cash disbursements journal; (4) General journal; (5) Bank account information to include, account statements, canceled checks deposit slips; (6) Payroll journal; (7) Account statements for all corporate credit accounts; (8) Account statements for all corporate investment accounts; (9) Financial statements of Maxey & Company; (10) Copies of all deeds and titles of corporate assets; (11) Loan ledgers and loan agreements; (12) Purchase invoices; (13) Sales invoices; (14) Corporate contracts; (15) Asset files; (16) Receipt journals.

See Petition, Ex. 1, p. 3.

On April 9, 1996, the respondent failed to produce the summoned data for examination and appear before Special Agent Robertson. As a result, on December 20, 1996, the United States of America filed this petition to enforce the March 28, 1996, IRS summons pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).[1] The Government submits that the testimony and the production of the requested documents are necessary to determine the accuracy of Mr. Michael C. Maxey's income tax returns for tax years 1992, 1993 and 1994, as well as to ascertain whether Mr. Maxey has committed any criminal offense connected with the administration or enforcement of internal revenue laws. In addition, the Government asserts that the testimony and other data sought by the summons are not already in the possession of the IRS. Therefore, the Government requests that this court order the respondent to appear before Special Agent Robertson, and to produce and testify to the summoned documents.

On December 26, 1996, this court granted the United States of America's motion for an order to show cause, and ordered Maxey & Company, by a representative designated by the corporation to produce records and to testify on the corporation's behalf, to appear before this court on January 31, 1997, to show cause why the corporation should not be compelled to obey the IRS summons issued and served upon it on March 28, 1996. Further, the respondent was ordered to have its representative appear with the documents summoned by the IRS on January 31, 1997. In addition, the respondent was granted eleven (11) days from the date of the order to

---

1. It must be noted that this case was originally filed in this court as a miscellaneous case and assigned cause number 3:96–mc–0188 AS. On February 11, 1997, the clerk reassigned this petition as a civil case under cause number 3:97–cv–0111 AS.

show cause in which to file and serve its response to the petition on the Government.

Subsequently, the United States of America filed a motion to modify the order to show cause. In that motion, the Government requested that this court grant the respondent until February 3, 1997, to respond, since, due to severe weather conditions, personal service of the petition and this court's December 26, 1996, order on the respondent's agent was not effected until January 19, 1997. The court granted the Government's motion, allowing the respondent additional time in which to file its response, and set February 14, 1997, as the date the respondent, by its agent, would be compelled to appear before this court.

The respondent subsequently filed its response to this court's order to show cause on February 11, 1997.[2] In its response, Maxey & Company asserts that Mr. Maxey, as the sole agent and employee of the corporation, is entitled to production immunity, or its equivalent, with respect to the IRS summons in this case. Further, Maxey & Company submits that if a criminal prosecution should commence against Mr. Maxey, evidence of his identity as the custodian of the corporation's records could unfairly prejudice his defense. Accordingly, the respondent argues that the March 28, 1996, IRS summons should not be enforced. However, should the court order the respondent to honor the summons and produce the summoned documents, the respondent submits that Mr. Maxey should be entitled to an order from this court directing the United States of America not to use his act of production for any purpose.

The court conducted a telephonic conference with respect to this petition on February 14, 1997, in which Mr. Maxey, with counsel, appeared on behalf of the respondent. This memorandum will follow up on the proceedings held in the telephonic proceeding held on February 14, 1997, and deal with the issues that were there presented.

2. Along with the response, the respondent filed the affidavit of its sole agent, Mr. Michael Maxey. In his verified affidavit, Mr. Maxey stated that he is presently the sole shareholder of Maxey & Company and has been since a date prior to March 28, 1996. Further, Mr. Maxey asserts that he is the sole officer and employee of the

## II. STANDARDS OF REVIEW

This petition for enforcement of IRS summons has been filed pursuant to §§ 7402(b) and 7604(a) of Title 26 of the United States Code. Section 7402(b) grants this court jurisdiction to enforce a summons served by the IRS:

If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

See 26 U.S.C. § 7402(b). In this case, the Government asserts that Special Agent Robertson was authorized under 26 U.S.C. § 7602 to serve the summons upon the respondent, Maxey & Company, in this case. Because the respondent, or its agent, failed to appear in response to said IRS summons, the Government now seeks enforcement of said summons under 26 U.S.C. § 7604(b), which provides as follows:

Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the

corporation, as well as the sole custodian of the books and records belonging to the corporation and has been since a date prior to March 28, 1996. Thus, he submits that he is the only individual who can adequately respond to the IRS summons on behalf of the corporation.

United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

*See* 26 U.S.C. § 7604(b).[3]

■ To obtain enforcement of an IRS administrative summons, the United States of America need only present the *prima facie* case for enforcement set forth by the Supreme Court of the United States in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In *Powell,* the Supreme Court held that to present a *prima facie* case, the Government must show: (1) that the summons was issued for a legitimate purpose, (2) that the information sought is relevant to that purpose; (3) that the summoned information is not already within the possession of the IRS; and (4) that the appropriate administrative steps have been followed. 379 U.S. at 57–58, 85 S.Ct. at 254–55. In a summons enforcement proceeding under § 7604, the Government may prove its *prima facie* case merely by presenting the sworn affidavit of the agent who issued the summons at the time it files the petition for enforcement. *See United States v. Kis,* 658 F.2d 526, 535–37 (7th Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982) (holding that Government need only present affidavit of agent involved in investigation to satisfy *prima facie* case); *see also, Conner v. United States,* 947 F.Supp. 1267, 1270 (N.D.Ind.1996) (Judge Lee addressing merits of IRS summons under 26 U.S.C. § 7609(b)).

Once the Government makes such the requisite *prima facie* showing, the burden then shifts to the taxpayer to disprove one of the four criteria or to demonstrate that judicial enforcement should be denied on ground that it would be an abuse of the court's process. *Id.* at 58, 85 S.Ct. at 255; *see also, Kis,* 658 F.2d at 535–37. With the above standards in place, the court will now address the merits

of the Government's petition for enforcement of the IRS summons and the arguments against enforcement raised by the respondent in its response to this court's order to show cause.

### III. DISCUSSION

In this petition for enforcement of IRS summons, there exist two fundamental issues. First, the court must determine whether Mr. Michael Maxey, the sole shareholder, employee and agent of the respondent corporation, is entitled to protection from enforcement of the IRS summons under the Fifth Amendment to the United States Constitution. Should the court find that no Fifth Amendment privilege exists for Mr. Maxey, then the court must address the respondent's request for a court order restricting the United States of America from using Mr. Maxey's act of producing the corporate documents should he be subject to future criminal prosecution as a result of the IRS investigation.

■ As a preliminary matter, this court must address whether the United States of America has satisfied the *prima facie* requirements for enforcement of the summons under *Powell, supra.* First, the court finds that the Government has sufficiently established that the summons was issued for a legitimate purpose. In support of its petition, the Government submits the sworn declaration of Special Agent Robertson, a special agent of the Criminal Investigation Division of the IRS. In his declaration, Special Agent Robertson states under penalties of perjury that the information was summoned for the purpose of verifying the accuracy of the tax returns filed by Mr. Michael Maxey and Maxey & Company for the tax years 1992, 1993 and 1994. Second, after reviewing the record, it is this court's view that the information sought by the IRS is relevant to the purpose of verifying the correctness of the tax returns for Mr. Maxey and Maxey & Company. In addition, Special Agent Robertson asserts in his sworn declaration that

---

**3.** No argument has been raised with respect to this court's jurisdiction to enforce the IRS summons at issue. Under § 7604(a), it is clear that jurisdiction in this court is proper since Maxey & Company is a corporation with its principal place of business in South Bend, Indiana, located in this district. *See* 28 U.S.C. § 92(b).

the information sought in the summons was not already within the possession of the IRS. Finally, Special Agent Robertson also declares that the appropriate administrative steps required by the Internal Revenue Code were followed with regard to the summons at issue. As a result, the court finds that the Government has sufficiently met the *prima facie* requirements for enforcement under *Powell, supra.*

Since the Government has met the *prima facie* requirements under *Powell,* the burden now falls on the respondent to show that enforcement of the summons would abuse the court's process. In this case, the issue before the court is whether Mr. Maxey, as the sole stockholder, employee and agent of the respondent corporation, may invoke his personal Fifth Amendment privilege against self-incrimination, as the custodian of the corporation's records, to justify the nonproduction of the information sought by the IRS summons. Specifically, the respondent asserts that Mr. Maxey's act of producing the documents summoned by the Government, since he is the sole officer, agent and shareholder of the corporation, may act to incriminate him before a jury should a future criminal prosecution be instituted against Mr. Maxey as a result of the present IRS investigation.

## A. PRIVILEGE AGAINST SELF-INCRIMINATION

The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself" U.S. Const. amend. V. The Fifth Amendment's protection "applies only when the accused is compelled to make a testimonial communication that is incriminating," *Baltimore City Dept. Of Social Services v. Bouknight,* 493 U.S. 549, 554, 110 S.Ct. 900, 904, 107 L.Ed.2d 992 (1990) (quoting *Fisher v. United States,* 425 U.S. 391, 408, 96 S.Ct. 1569, 1579, 48 L.Ed.2d 39 (1976)), and guards against "the

extortion of information from the accused that offends our sense of justice." *See Couch v. United States,* 409 U.S. 322, 328, 93 S.Ct. 611, 616, 34 L.Ed.2d 548 (1973). The Supreme Court of the United States has held that various types of evidence may be testimonial in nature, including the act of producing materials in response to a summons and subpoena. *See Fisher v. United States,* 425 U.S. 391, 410–11, 96 S.Ct. 1569, 1580–81, 48 L.Ed.2d 39 (1976).

However, it is well settled that the privilege against self-incrimination is purely personal and cannot be utilized by a corporation. *United States v. White,* 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). In addition, the law is clear that an individual cannot rely on a personal privilege against self-incrimination to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if those records might incriminate him personally. *Wilson v. United States,* 221 U.S. 361, 377, 31 S.Ct. 538, 543, 55 L.Ed. 771 (1911); *see also, Wheeler v. United States,* 226 U.S. 478, 33 S.Ct. 158, 57 L.Ed. 309 (1913) (involving a dissolved corporation); *United States v. White,* 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944) (unincorporated labor union); *United States v. Fleischman,* 339 U.S. 349, 70 S.Ct. 739, 94 L.Ed. 906 (1950) (association under investigation by a Congressional committee); *Rogers v. United States,* 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951) (local political party); *Curcio v. United States,* 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957) (local labor union); *Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) (dissolved law partnership).

In this case, it appears that the respondent seeks a version of production, or use, immunity for Mr. Maxey with regard to his act of producing the corporate documents for the IRS summons.[4] The respondent requests this court to refrain from enforcing the IRS summons because Mr. Maxey is the sole

---

4. In the February 14, 1997, telephonic conference, the respondent sought a letter of immunity from the IRS for Mr. Maxey's act of producing the summoned documents. In support of its request, the respondent attached a letter from the United States Attorney's office from an unrelated case which granted an unnamed individual use immunity for the act of producing subpoenaed records in the context of a grand jury subpoena. *See* Respondent's Response to Order to Show Cause, Ex. B. After discussion on the request, the Government refused to issue a similar letter for Mr. Maxey in this case.

corporate officer and shareholder, and his act of production could be used against him in a future criminal prosecution. In the alternative, the respondent prays that this court enter an order which would, in effect, grant production immunity for Mr. Maxey with regard to his act of producing the corporate documents of Maxey & Company for the IRS summons.

In support of its argument against enforcement of this IRS summons and request for a court order granting Mr. Maxey use immunity, the respondent cites the decision of the Supreme Court of the United States in *Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988). In *Braswell*, the Supreme Court of the United States held:

> Although a corporate custodian is not entitled to resist a subpoena on the ground that his act of production will be personally incriminating, we do think certain consequences flow from the fact that the custodian's act of production is one in his representative rather than personal capacity. Because the custodian acts as a representative, the act is deemed one of the corporation and not the individual.

487 U.S. at 117, 108 S.Ct. at 2295.[5] However, in a footnote to the Court's majority opinion, Chief Justice Rehnquist specifically left open the question whether the Government may compel a custodian to produce corporate records when the custodian is able to establish, by showing for example that he is the sole employee and officer of the corporation, that the jury would inevitably conclude that he produced the records. *Id.* at 118 n. 11, 108 S.Ct. at 2295 n. 11.

It appears that the respondent's argument against enforcement of the IRS summons at issue hangs on how this court interprets the issue raised by footnote 11 in *Braswell*. Initially, it is important to note that the United States Court of Appeals for the Seventh Cir-

cuit has not yet addressed this specific aspect of the *Braswell* decision. Thus, it is incumbent for this court to look to the other circuits of the United States Court of Appeals for aid in interpreting this issue.

The United States Court of Appeals for the Fourth Circuit is the only circuit to have directly addressed the question left open in *Braswell*. In *United States v. Stone*, 976 F.2d 909 (4th Cir.1992), *cert. denied*, 507 U.S. 1029, 113 S.Ct. 1843, 123 L.Ed.2d 467 (1993), the Fourth Circuit was confronted with a scenario very similar to the case at bar. The United States Department of Energy, in the course of an ongoing investigation, summoned documents from a corporation that had only a single shareholder, director, officer and employee. The corporation refused to honor the summons, thus requiring the Department of Energy to petition the United States District Court for the Eastern District of Virginia to enforce the summons. The corporation argued that the agent's status as the sole shareholder, officer and agent of the corporation should excuse production of the documents sought by the Department of Energy. However, Senior District Judge Bryan entered an order compelling production of the documents sought by the summons. The corporation appealed, again citing footnote 11 in *Braswell* in support of the argument that the corporation's sole agent and shareholder should not be required to produce the documents sought by Department of Energy. However, in affirming the district court's enforcement order, the Fourth Circuit held:

> [the corporation] is a one-man operation; however, it is still a corporation, a state law-regulated entity that has a separate legal existence from [the agent] shielding him from its liabilities. The business could have been formed as an unincorporated sole proprietorship and production of its business records protected by the privilege against self-incrimination. [The agent]

---

5. It is important to note that *Braswell* involved a grand jury subpoena for corporate documents rather than an IRS summons. However, the United States Court of Appeals for the Eleventh Circuit has clearly held that the protections afforded in *Braswell* apply in the context of an IRS summons. *See United States v. Medlin*, 986 F.2d 463, 467 (11th Cir.), *cert. denied*, 510 U.S. 933,

114 S.Ct. 347, 126 L.Ed.2d 311 (1993). Thus, while this court is not required to follow the appellate decisions of other circuits blindly, the Eleventh Circuit's decision in *Medlin* must be given due respect because the Seventh Circuit has yet to rule specifically on this issue. *See Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir.1987).

chose the corporate form and gained its attendant benefits, and we hold, ... that he cannot now disregard the corporate form to shield his business records from production.

*Stone,* 976 F.2d at 911–12 (citations omitted). The Fourth Circuit's decision in *Stone* has been adopted by at least two federal district courts. *See United States v. Raniere,* 895 F.Supp. 699, 706–07 (D.N.J.1995); *United States v. Moseley,* 832 F.Supp. 56, 59–60 (W.D.N.Y.1993).

■ After carefully reviewing the record in this case in light of the Fourth Circuit's decision in *Stone,* this court is persuaded that Maxey & Company's argument under the *Braswell* footnote is without merit. Like the agent and shareholder in *Stone,* Mr. Maxey made the conscious decision to incorporate his tax preparation business rather than operate it as a sole proprietorship. Thus, it is this court's opinion that Mr. Maxey must accept the limitations of his personal Fifth Amendment privilege against self-incrimination in light of his capacity as the corporate custodian—with regard to the decision to incorporate Maxey & Company, Mr. Maxey is not entitled "to have his cake and eat it too." Accordingly, this court now finds that neither the respondent, Maxey & Company, nor its agent, Mr. Maxey, may assert the Fifth Amendment privilege against self-incrimination to excuse production of the documents sought by the IRS in its March 28, 1996, summons.

## B.  REQUEST FOR COURT ORDER

Having determined that the Fifth Amendment does not provide protection for the respondent or its agent with respect to honoring the IRS summons at issue, the court must now address the respondent's request for an order precluding the Government from introducing, in a future criminal prosecution against Mr. Maxey, evidence relating to (a) the service of the IRS summons upon Mr. Maxey, (b) the delivery of corporate documents by Mr. Maxey and (c) all other related matters including acts of authentication. In *Braswell,* the Supreme Court addressed this specific issue:

the Government concedes, as it must, that it may make no evidentiary use of the "individual act" against the individual. For example, in a criminal prosecution against the custodian, the Government may not introduce into evidence before the jury the fact that the subpoena was served upon and the corporation's documents were delivered by one particular individual, the custodian. The Government has the right, however, to use the corporation's act of production against the custodian.

*Braswell,* 487 U.S. at 118, 108 S.Ct. at 2295.

In support of its request, the respondent argues that all circuits of the United States Court of Appeals that have addressed the question whether the *act* of production by the custodian of a single shareholder/officer corporation is admissible in criminal trials of the corporate custodians, following *Braswell,* have found the act of production to be inadmissible. *See In Re Grand Jury Subpoenas,* 959 F.2d 1158, 1164 (2d Cir.1992) (finding that even if corporate custodian not entitled to Fifth Amendment privilege as agent of corporation, this "does not, however, mean that his act of production may be used against him"); *In Re Grand Jury Subpoena Dated Nov. 12, 1991,* 957 F.2d 807, 812 (11th Cir.1992) (recognizing that "the government may not make any evidentiary use of the act of production against the individual himself"); *In Re Custodian of Records of Variety Distributing, Inc.,* 927 F.2d 244, 251 (6th Cir. 1991) (holding that jury in subsequent trial would not be told that corporate custodian produced and gave authentication testimony for business records); *In Re Special Fed. Grand Jury Empanelled,* 819 F.2d 56 (3d Cir.1987) (observing that "it cannot be said that a corporate representative's act of production, as a matter of fact, can never be personally incriminating"); *In Re Grand Jury Subpoena,* 784 F.2d 857 (8th Cir.1986) (holding that it would be improper for government to attempt to implicate individual on basis of act of production), *cert. granted,* 479 U.S. 811, 107 S.Ct. 59, 93 L.Ed.2d 18 (1986), *cert. dismissed,* 479 U.S. 1048, 107 S.Ct. 918, 93 L.Ed.2d 865 (1987).

This court acknowledges the decisions of the United States Courts of Appeals and the

Supreme Court with respect to this issue. However, in this court's view, the thrust of the respondent's argument is premature with respect to the issue now before the court. The respondent's request for a court order is most closely analogous to a motion *in limine*—an attempt to preclude the Government from presenting certain evidence at trial. The issue here is similar to the issue presented to the United States Court of Appeals for the Eighth Circuit in *In Re Grand Jury Witnesses,* 92 F.3d 710 (8th Cir.1996). In *In Re Grand Jury Witnesses,* the Eighth Circuit, speaking through Circuit Judge Loken, held:

> Of course, the government may subpoena the Witnesses to testify concerning documents they produce as corporate custodians. The fighting issue then is often whether, and to what extent, a custodian may be compelled, without use immunity, to authenticate corporate documents. [At the state of trial], it may well be relevant whether the person as designated by the corporation as its authorized custodian, or is simply a corporate agent whom the government has designated a *de facto* custodian by issuing its subpoena.

92 F.3d at 713. The Eighth Circuit concluded that, as the Supreme Court made clear in *Fisher,* 425 U.S. at 410, 96 S.Ct. at 1580–81 (1976), such evidentiary issues are inevitably fact intensive. *Id.* However, the Eighth Circuit held that, at the grand jury stage, such issues are clearly premature. *Id.*

The United States Court of Appeals for the District of Columbia Circuit has also addressed the issue of the timing of a request to limit the evidence of a corporate custodian's act of producing documents. In *In Re Sealed Case (Government Records),* 950 F.2d 736 (D.C.Cir.1991), speaking through then-Circuit Judge Ruth Bader Ginsburg, the District of Columbia Circuit refused to address the question whether a corporate custodian's act of producing records could be used against her in subsequent criminal proceedings because no criminal charges had yet been filed against the corporate custodian. 950 F.2d at 740 n. 6.

■ In this case, the respondent's present their request for court order prior to the return of any indictment or the presentation any criminal charges. In fact, according to the record, there is no evidence that a criminal prosecution will ever result from the IRS investigation into the financial activities of Mr. Maxey and his corporation, Maxey & Company. Thus, following the decisions of the Eighth and District of Columbia Circuits, it is this court's view that any order restricting the use of evidence with regard to Mr. Maxey's act of producing corporate documents is premature at this stage of the investigation against Mr. Maxey. As a result, the court now denies the respondent's request for court order.

## IV.   CONCLUSION

For the foregoing reasons, the court finds that neither the respondent, Maxey & Company, nor its sole agent, Mr. Michael Maxey, is entitled to assert a Fifth Amendment privilege against self-incrimination with respect to the act of producing the documents sought by the IRS in its summons served upon the respondent on March 28, 1996. In addition, the court finds the respondent's request for court order to preclude the Government's use of Mr. Maxey's act of production in a future criminal proceeding to be premature. As a result, the court now **GRANTS** the United States of America's petition to enforce the IRS summons served upon Maxey & Company on March 28, 1996.

The court hereby **ORDERS** the respondent, Maxey & Company, by a representative designated by the corporation to produce records and to testify on behalf of the corporation, to produce all documents and other data requested by the IRS in its March 28, 1996, summons and appear before IRS Special Agent James D. Robertson, or any other special agent, at the offices of the Internal Revenue Service, 575 North Pennsylvania Street, Room 573, Indianapolis, Indiana, **no later than March 7, 1997.**

**IT IS SO ORDERED.**