**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE TWELVE GRAND JURY SUBPOENAS, Grand Jury Panel 17-02, | No. 17-17213<br><br>D.C. No.<br>2:17-mc-00056-DGC<br><br><br>OPINION |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, Senior District Judge, Presiding

Argued and Submitted September 5, 2018
San Francisco, California

Filed November 8, 2018

Before: Marsha S. Berzon and Michelle T. Friedland,
Circuit Judges, and Daniel R. Dominguez,[*] District Judge.

Per Curiam Opinion

---

[*] The Honorable Daniel R. Dominguez, United States District Judge for the District of Puerto Rico, sitting by designation.

# SUMMARY**

## Grand Jury Subpoenas

The panel affirmed the district court's order holding an appellant in contempt for his failure to comply with the court's order to respond to twelve grand jury subpoenas in his capacity as a records custodian for various collective entities.

Appellant contended that because the corporations and limited liability companies were small, closely-held entities for which he was either the sole shareholder or sole employee, or was solely responsible for accounting and recordkeeping, he could invoke his Fifth Amendment privilege against self-incrimination to resist producing those collective entities' documents.

The panel held that *Braswell v. United States*, 487 U.S. 99, 104 (1988), remained good law. The panel further held that there were no circumstances under which a records custodian could resist a subpoena for a collective entity's records on Fifth Amendment grounds, and that the size of the collective entity, and the extent to which a jury would assume that the individual seeking to assert the privilege produced the documents, were not relevant.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Lori L. Voepel (argued), Jones Skelton & Hochuli P.L.C., Phoenix, Arizona; Rhonda Elaine Neff and Clark L. Derrick, Kimerer & Derrick P.C., Phoenix, Arizona; for Respondent-Appellant.

Mark S. Determan (argued) and Gregory Victor Davis, Attorney; S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section; Richard E. Zuckerman, Principal Deputy Assistant Attorney General; Tax Division, United States Department of Justice, Washington, D.C.; for Plaintiff-Appellee.

---

**OPINION**

PER CURIAM:

The district court held Appellant in contempt for his failure to comply with the court's order to respond to twelve grand jury subpoenas in his capacity as a records custodian for various corporate entities. He now appeals that order, arguing that, because the corporations and limited liability companies ("LLCs") are small, closely held entities for which he is either the sole shareholder or sole employee, or is solely responsible for accounting and record keeping, he may invoke the Fifth Amendment privilege against self-incrimination to resist producing those collective entities' documents. We join all of our sister circuits to have considered the issue in holding that the Fifth Amendment provides no protection to a collective entity's records custodians—and that the size of the collective entity and the extent to which a jury would assume that the individual

seeking to assert the privilege produced the documents are not relevant.  We therefore affirm.

## I.

Appellant is the subject of an ongoing grand jury investigation of various crimes, including obstruction of justice, tax evasion, and bankruptcy fraud.  The grand jury issued twelve subpoenas to the custodian of records of various entities in which Appellant holds an interest.  Appellant, who is the custodian of records for each of the entities, objected to the subpoenas and refused to produce the requested documents.  Appellant argued that because, for the years in question, he was either the sole shareholder, officer, or member of the various entities, and because he was the individual responsible for accounting and document preparation for those entities, the compelled production of the documents would incriminate him personally.  He therefore contended that his Fifth Amendment right against self-incrimination protected him from complying with the subpoenas.

The Government moved to compel compliance, and the district court thereafter granted the Government's motion, ordering Appellant to comply with all twelve grand jury subpoenas.  Appellant again refused, and the district court held Appellant in contempt pursuant to 28 U.S.C. § 1826.

## II.

We review *de novo* the legal question whether any exception exists to the general rule that a corporate records custodian may not assert a Fifth Amendment privilege to refuse production of corporate documents.  *See United States v. Sideman & Bancroft, LLP*, 704 F.3d 1197, 1201 (9th Cir. 2013) ("We review de novo a district court's application of

the Fifth Amendment privilege against self-incrimination."
(quoting *United States v. Bright*, 596 F.3d 683, 690 (9th Cir.
2010)); *United States v. Leidendeker*, 779 F.2d 1417, 1418
(9th Cir. 1986) ("The validity of an exercise of fifth
amendment privilege is a question of law and is reviewed *de
novo*.").[1]

## A.

The Fifth Amendment guarantees that no person "shall
be compelled in any criminal case to be a witness against
himself."  U.S. Const. amend. V.  The Fifth Amendment
privilege against self-incrimination extends only to
"compelled incriminating communications" that are
"'testimonial' in character."  *United States v. Hubbell*,
530 U.S. 27, 34 (2000).

Appellant's challenge to the grand jury subpoenas
implicates two related Fifth Amendment doctrines: the "act
of production" doctrine and the "collective entity" doctrine.
The act of production doctrine recognizes "that the act of
producing documents in response to a subpoena may have a
compelled testimonial aspect," in that the act "may
implicitly communicate 'statements of fact,'" such as "that
the papers existed, were in [the producer's] possession or

---

[1] In some cases, the question whether a privilege applies involves a
mixed question of law and fact.  *See Tornay v. United States*, 840 F.2d
1424, 1426 (9th Cir. 1988) ("The conclusion that the amount, date, and
form of legal fees paid is not a confidential communication protected by
the attorney-client privilege is a mixed question of law and fact.").  The
issues relevant to our decision in this case, however, are entirely legal.
Further, even if the question here could be viewed as a mixed question
of law and fact, we would nonetheless review the matter de novo because
"applying the law [would] involve[] developing auxiliary legal
principles of use in other cases."  *U.S. Bank Nat'l Ass'n v. Vill. at
Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018).

control, and were authentic." *Id.* at 36. The collective entity doctrine reflects the fact that the right to resist compelled self-incrimination is a "personal privilege." *Bellis v. United States*, 417 U.S. 85, 90 (1974). The privilege applies to individuals and to sole proprietorships, which do not, as a legal matter, exist separately from the individuals who comprise them, but "corporations and other collective entities" do not enjoy the privilege. *Braswell v. United States*, 487 U.S. 99, 104 (1988).

In *Braswell*, a corporate custodian of two small, closely held corporations sought to assert his Fifth Amendment privilege to refuse production of corporate documents, arguing that producing the documents would incriminate him personally. *Id.* at 100–01. Considering both the act of production doctrine and the collective entity doctrine, along with the "agency rationale undergirding" the latter,[2] *id.* at 109, the Supreme Court held that a corporate "custodian may not resist a subpoena for corporate records on Fifth Amendment grounds," *id.* at 113, regardless of whether the custodian could "show that his act of production would entail testimonial self-incrimination," *id.* at 104. In a footnote in *Braswell*, however, the Court left "open the question whether the agency rationale supports compelling a custodian to produce corporate records when the custodian is able to establish, by showing for example that he is the sole employee and officer of the corporation, that the jury

---

[2] As the Court explained, it had "consistently recognized that the custodian of corporate or entity records holds those documents in a representative rather than a personal capacity." *Braswell*, 487 U.S. at 109–110. Because "corporations may act only through their agents," a "custodian's act of production is not deemed a personal act, but rather an act of the corporation." *Id.* at 110.

would inevitably conclude that he produced the records." *Id.* at 118 n.11 (the "*Braswell* footnote").

## B.

Appellant offers two arguments in support of his contention that he is entitled to resist producing the subpoenaed documents on Fifth Amendment grounds. First, he argues that *Braswell* is no longer good law in light of the Supreme Court's decisions in *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014), and *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010). Second, he argues that we should answer the question left open in the *Braswell* footnote by holding that a custodian who can establish that a jury inevitably would conclude it was he or she who produced the records may be excepted from the rule that the Fifth Amendment does not shield records custodians from being compelled to produce a collective entity's records. We reject both arguments.

## 1.

First, as to Appellant's argument that we should treat *Braswell* as having been overruled by *Hobby Lobby* and *Citizens United*, we are skeptical that either case has any bearing on the collective entity rule as articulated and applied in *Braswell*.[3] But, regardless, we remain bound by *Braswell* until the Supreme Court says otherwise. Where Supreme Court precedent "has direct application in a case," the Supreme Court has instructed "the Court of Appeals [to] follow the case which directly controls," even if it "appears

---

[3] In addition to *Hobby Lobby* and *Citizens United*, Appellant relies heavily on *Fisher v. United States*, 425 U.S. 391 (1976). But *Fisher* was decided before *Braswell*, hence Appellant's argument that *Fisher* undermines *Braswell* plainly fails.

to rest on reasons rejected in some other line of decisions," and thereby to "leav[e] to th[e] Court the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989)). *Braswell* has direct application in this case, and it is not for us to question its continuing validity or persuasiveness.

## 2.

Appellant next argues that, even if *Braswell* remains good law, we should reach the issue left open in the *Braswell* footnote and hold that Appellant may refuse production on Fifth Amendment grounds.  Specifically, Appellant argues that he is akin to a sole proprietor and that he could establish that a "jury would inevitably conclude that [Appellant] produced the records," *Braswell*, 487 U.S. at 118 n.11. Thus, Appellant claims, he fits into the exception whose potential existence was left open by the *Braswell* footnote.[4] Reaching this question for the first time in this circuit, we conclude that no exception exists to the rule that records custodians lack any Fifth Amendment privilege against the compelled production of a collective entity's documents.

First, to recognize an exception for custodians of small, closely held collective entities, including one-person corporations or LLCs, would be inconsistent with the reasoning and holding of *Braswell*.  The Supreme Court in *Braswell* reiterated the longstanding principle that "no privilege can be claimed by the custodian of corporate

---

[4] The Government argues that the record does not support Appellant's factual assertion that a jury inevitably would conclude he produced the records.  Because we conclude that the exception Appellant hopes to take advantage of does not exist, it is not necessary to resolve this factual dispute.

records, *regardless of how small the corporation may be*." *Id.* at 108 (emphasis added) (quoting *Bellis*, 417 U.S. at 100). Notably, *Braswell* itself involved two corporations entirely owned or held (either directly or indirectly) by Petitioner Braswell, with corporate boards consisting only of Braswell, his wife, and his mother. Nevertheless, the Supreme Court held that Braswell could not assert a Fifth Amendment privilege to resist producing corporate records on the ground that it would incriminate him personally.

In reaching this conclusion, the Court in *Braswell* considered the possibility that a corporate custodian's production of records could be testimonial in nature. But the Court concluded that this fact did not make the production anything other than an act of the corporation, and that "[a]ny claim of Fifth Amendment privilege asserted by the agent would be tantamount to a claim of privilege by the corporation—which of course possesses no such privilege." *Id.* at 110. As the Court explained, "a custodian's assumption of his representative capacity [on behalf of a corporation] leads to certain obligations, including the duty to produce corporate records on proper demand by the Government." *Id.* The Court thus treated the possible testimonial consequences of fulfilling this obligation as beside the point.

Further, in light of this reasoning in the body of the *Braswell* opinion, we are unable to identify any situation in which the *Braswell* footnote would have any practical import. The Court in *Braswell* contemplated—and endorsed—the notion that although the Government could "make no evidentiary use of the 'individual act' against the individual" custodian, it could "use the *corporation's* act of production against the custodian." *Id.* at 118 (emphasis added). Thus, "if the defendant held a prominent position

within the corporation that produced the records, the jury may . . . reasonably infer that [the defendant] had possession of the documents or knowledge of their contents." *Id.* The Court explained that "[b]ecause the jury is not told that the defendant produced the records, any nexus between the defendant and the documents results solely from the corporation's act of production and other evidence in the case." *Id.* In any situation where a jury would inevitably conclude that a defendant produced the records in question, the relevant nexus between the defendant and the documents would still result, first and foremost, from the defendant's role in the corporation. Given the obvious—and wholly permissible—inference that the defendant in such a case must have had possession of the documents or knowledge of their contents, the fact that a jury may also conclude that Appellant produced the documents would be irrelevant to the jury's assessment of guilt or innocence as to the charges in question.

Finally, recognizing an exception for small corporations or LLCs *operating like* sole proprietorships but formally organized as collective entities under state law would give defendants like Appellant a windfall. Appellant argues that it makes little sense to apply the collective entity doctrine to small or family-owned corporations or LLCs that operate like sole proprietorships. But by choosing to operate his businesses as a corporation or LLC and *not* as a sole proprietorship, Appellant knowingly sought out the benefits of these forms. Having done so, he cannot now be shielded from its costs. *See United States v. Stone*, 976 F.2d 909, 912 (4th Cir. 1992) ("[Appellant] chose the corporate form and gained its attendant benefits, and we hold . . . that he cannot now disregard the corporate form to shield his business records from production.").

All of our sister circuits to consider this issue have reached the same conclusion.  *See In re Grand Jury Empaneled on May 9, 2014*, 786 F.3d 255, 263 (3d Cir. 2015) ("Appellants have advanced no persuasive rationale as to why the reasoning of *Bellis* and *Braswell* does not apply to one-person corporations."); *In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 158 (2d Cir. 2010) ("'[T]here simply is no situation' in which a corporation can avail itself of the Fifth Amendment privilege." (quoting *In re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52, 57 (2d Cir. 1985))); *Amato v. United States*, 450 F.3d 46, 51, 52 (1st Cir. 2006) (reaffirming that "production, including implied authentication, can be required of a corporation through a corporate officer regardless of the potential for self-incrimination," and stating that "the act-of-production doctrine is not an exception to the collective-entity doctrine even when the corporate custodian is the corporation's sole shareholder, officer and employee" (citing *In re Grand Jury Proceedings*, 838 F.2d 624, 626–27 (1st Cir. 1988))); *United States v. Stone*, 976 F.2d 909, 912 (4th Cir. 1992) (holding that "the district court correctly answered the question left open in *Braswell*" by concluding that a one-person corporation could not assert the Fifth Amendment privilege). We now join them in concluding that there are no circumstances under which a records custodian may resist a subpoena for a collective entity's records on Fifth Amendment grounds.  Appellant's challenge to the district court's contempt order therefore fails.**[5]**

---

**[5]** We need not resolve any factual dispute regarding the number of shareholders or employees in each of the subpoenaed entities.  Our holding that there is no exception to the rule that a records custodian may not assert a Fifth Amendment privilege to refuse production of a

### III.

For the foregoing reasons, we affirm.

---

collective entity's documents applies with equal force to all of the entities at issue in this case.