**UNITED STATES, Plaintiff,**

v.

**Samuel D. MILLIGAN, Agent of Sundance Properties, Ltd., Defendant.**

**No. CV 05–13–TUC–CKJ.**

United States District Court, D. Arizona.

March 17, 2005.

Jennifer A. Giaimo, US Dept of Justice Tax Division, Washington, DC, for Plaintiff.

Donald W. Macpherson, Esq., The Macpherson Group PC, Glendale, AZ, for Defendant.

## ORDER

JORGENSON, District J.

### I. Background

The IRS, through Revenue Agent Richard Van Riper ("Agent Riper"), is investigating the tax liabilities of Samuel D. Milligan and his wife Patricia Milligan for tax years 2000 and 2001. In the course of this investigation, on August 23, 2004, a sub-

poena was issued to Samuel D. Milligan as Agent of Sundance Properties, LTD., directing him to appear to give testimony and produce for examination certain books, papers, records, or other data as described in the summons. Milligan appeared before the IRS agent in September of 2004, but failed to produce any documents or give any testimony claiming his 5th Amendment privilege against self-incrimination.

According to the declaration of Agent Riper, the investigation into Milligan emerged as a result of the IRS' Offshore Credit Card Project which is an ongoing effort to identify people who hide taxable income by transferring revenue to offshore financial secrecy jurisdictions and then use credit cards to access funds in the United States. The investigation thus far has revealed that both Samuel Milligan and his wife maintained and used a Visa credit card issued by the Belize Bank (which is in a financial secrecy jurisdiction), in the name of Sundance Properties. Signatory authority over the card in question was in the names of Samual Milligan and Patricia Milligan. In 2001, several transactions specifically show that both Samuel and Patricia Milligan were the users of the credit card.

## II. Discussion

### A. The Government's Initial Burden

■ In order to obtain enforcement of a summons, the IRS must establish that the summons (1) is issued for a legitimate purpose, (2) seeks information relevant to that purpose, (3) seeks information that is not already within the IRS' possession, and (4) satisfies the administrative steps required by the United States Code. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). This burden is a slight one that may be met "merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." *La Mura v. United* ed States, 765 F.2d 974, 979 (11th Cir. 1985); *see also United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993).

■ Once the IRS establishes a prima facie case for enforcement of its summons under *Powell*, the burden shifts to the taxpayer. The taxpayer may challenge the summons on any appropriate ground, including the failure to meet the *Powell* requirements. *Lidas, Inc. v. United States*, 238 F.3d 1076 (9th Cir.2001), *citing Powell*. The taxpayer bears a "heavy burden" to rebut the presumption of good faith. *Id., citing United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir.1997) (en banc). Milligan does not dispute that the *Powell* requirements have been met.

### B. Fifth Amendment Privilege and *In Camera* Hearing Requests

Initially, Milligan cites cases involving individuals and partnerships in support of his position that he should not be forced to incriminate himself. However, the government is seeking corporate documents in this case, and these cases are therefore inapplicable.

Milligan asserts that his corporation (Sundance) is a one-person corporation and, therefore, should not be subject to a subpoena pursuant to *Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988). In *Braswell*, the United States Supreme Court held that a corporate custodian may not resist producing corporate documents on the ground that it would violate his or her Fifth Amendment right against self-incrimination. *Braswell*, 487 U.S. at 104–118, 108 S.Ct. 2284. The Court also stated: "We leave open the question of whether the agency rationale supports compelling a custodian to produce corporate records where the custodian is able to establish by showing, for example, that he is the sole employee and officer of the corporation, that the jury will inevita-

bly conclude that he produced the records." *Id.,* 487 U.S. at 117 n. 11, 108 S.Ct. 2284.

■ *Braswell* involved a sole shareholder that was required to produce corporate documents. The question, therefore, is whether there is anyone else associated with the corporation that may produce the documents. First, as discussed above, the IRS has already met its initial burden to obtain the information in question; as such, the burden has shifted to Milligan to show that he does not have to disclose the information sought. He has not met this burden. The only exhibits properly submitted by Milligan in relation to this issue is an excerpt from the Belize International Business Companies Act and an excerpt from an International business website. The only thing these purport to show is that it is possible to create a one-man IBC in Belize; however, these exhibits do not show that Sundance is actually a one-man corporation. Further, in contrast to the exhibits submitted by Milligan, the declaration from Agent Riper tends to show that Milligan's wife is also a person associated with Sundance which could produce the documents. The declaration states that Samuel and Patricia Milligan used the VISA credit card in question issued by Belize Bank which is in the name of Sundance. Both Samuel and Patricia Milligan had signatory authority over the Sundance credit cards. Lastly, numerous charges were made on the Sundance credit card, and Samuel and Patricia Milligan were specifically identified as being the users of the credit cards. Thus, it appears that Patricia is certainly associated with Sundance, even if an incorporation document does not reflect her name as an officer. Lastly, even if this was a one-man corporation, Milligan has provided no authority showing that any court, let alone a controlling court, has actually applied the potential *Braswell* exception. As the government previously pointed out, no such court

has applied the *Braswell* exception. Thus, application of the potential exception would be inappropriate in any case.

■ In relation to the one-man corporation argument, Milligan repeatedly refers to an *in camera* hearing. However, he does not provide a proper basis showing that an *in camera* hearing is appropriate. For example, he has not presented any statutory authority that he may respond to this OSC *in camera.* Milligan cites *United States v. Wujkowski,* 929 F.2d 981 (4th Cir.1991)—in *Wujkowski,* because appellants asserted the documents were personal, an *in camera* review was appropriate to determine the nature of the documents— without any authority, Milligan asserts that his legal argument is entitled to the same review. Here, Milligan's reliance on *Wujkowski* is misplaced as he admits at least twice in his responsive memorandum that the documents sought are only related to Sundance, which is a corporation. *See* Response at 5 ("The subject summons is directed to Milligan as agent for Sundance and requires him to "give testimony and bring with [him] and to produce for examination [Sundance documents which are identified in the attachment] for the years 2000 and 2001."); Response at 8 ("Petitioner does not seek testimony or production with respect to personal matters ... Petitioner seeks production of books and records limited to corporate testimony: identification and authentication of the records."). Further, as discussed above, the government has already produced evidence indicating that Sundance is not a one-man corporation as Milligan's wife had signatory authority over and used the Sundance credit card issued by Belize Bank.

Milligan makes other references to an *in camera* hearing; he argues that the Court should hold an *in camera* hearing just to determine whether the information the

government is seeking would tend to incriminate Milligan pursuant to the Fifth Amendment. However, the information in question is corporate information (not personal), the government has submitted evidence refuting the one-man corporation claim as Milligan's wife appears intimately associated with Sundance, and the potential *Braswell* "exception" has nonetheless not been applied by courts. Thus, the request for an *in camera* hearing on this issue is inappropriate. Milligan also requests that if the Court finds that Sundance is not a one-man corporation, the Court should nevertheless decide whether the *Braswell* exception is a viable exception; this is denied as this would require the Court to render an advisory opinion which is not proper. Lastly, the Court notes that Milligan submitted documents to the Court under seal when he appeared at the hearing; these documents were never provided to the government. As discussed above, contrary to Milligan's argument that the Court should review these documents to determine if Sundance is a one-man corporation, such an *in camera* review is improper under the circumstances of this case as discussed above. Further, Milligan has not provided any persuasive authority for the Court to proceed in this manner.

III.   Conclusion

For the foregoing reasons, the Court rejects Milligan's arguments and requests for *in camera* hearings. Further, IT IS HEREBY ORDERED as follows:

1.   The government's Petition to Enforce IRS Summons (Doc. # 1) is granted; Milligan, as Agent of Sundance, shall fully comply with and obey the August 23, 2004 summons by producing the requested documents and testifying as to the identity and authenticity of the documents;

2.   Milligan shall provide the documents to Revenue Agent Richard Van Riper, or any other proper officer or employee of the IRS, on or before April 14, 2005;

3.   Milligan shall provide testimony as to the identity and authenticity of the documents at a time and place designated by Revenue Agent Richard Van Riper, or any other proper officer or employee of the IRS;

4.   The Clerk of the Court shall include in the original file the documents submitted to the Court under seal (attached to this order) for the *in camera* hearing which the Court has denied.