09-3561-cv

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

--------

August Term, 2009

(Argued: November 30, 2009     Decided: February 1, 2010)

Docket No. 09-3561-cv

-------------------------------------------------------------X

IN RE GRAND JURY SUBPOENA ISSUED JUNE 18, 2009

ACCOUNT SERVICES CORPORATION [ASC], KJB FINANCIAL CORPORATION [KJB],

Appellants,

- v. -

UNITED STATES OF AMERICA,

Appellee.[*]

-------------------------------------------------------------X

Before:  WALKER, McLAUGHLIN, RAGGI, Circuit Judges.

Appeal from an order of the United States District Court for the Southern District of New York (Sullivan, J.) holding Appellants in contempt for failing to comply with a subpoena duces tecum. This appeal requires us to determine whether a corporation with a sole shareholder, officer, and employee may refuse to comply with a subpoena demanding production of

---

[*] At oral argument, the parties agreed that the case, which had formerly been sealed, should be unsealed. The Clerk of the Court is directed to amend the official caption as set forth above.

corporate records under the Fifth Amendment's "act of production" privilege. We find it may not.

AFFIRMED.

JOHN V. DONNELLY III, Cozen O'Connor, Philadelphia, Pennsylvania (L. Barrett Boss, Cozen O'Connor, Washington, D.C., on the brief), for Appellants.

ARLO DEVLIN-BROWN, Assistant United States Attorney (Michael A. Levy, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, for Appellee.

PER CURIAM:

Account Services Corporation and KJB Financial Corporation (collectively, "the Companies") appeal an August 17, 2009, order of the United States District Court for the Southern District of New York (Sullivan, J.) holding them in contempt for failing to comply with a subpoena for corporate records. The Companies – which are wholly owned by Douglas Rennick, their sole shareholder, officer, and employee – argue that they may resist the subpoena on Fifth Amendment grounds since Rennick is the only person capable of producing the records and his act of production would be testimonial and potentially self-incriminating. Although the long-established "collective entity rule" prevents corporations from availing themselves of the Fifth Amendment privilege, the Companies contend that the Supreme Court's decision in Braswell v. United States, 487 U.S. 99 (1988),

compels us to carve out an exception for one-person corporations. We disagree and affirm the district court's contempt order.

**BACKGROUND**

On June 18, 2009, a grand jury sitting in the Southern District of New York issued a subpoena duces tecum to Account Services Corporation in connection with an investigation of alleged bank fraud, illegal gambling, and money laundering. The Government and the Companies agreed to construe the subpoena as being directed not just to Account Services Corporation, but to both of the Companies. On July 10, 2009, Rennick moved to quash the subpoena, arguing that his personal Fifth Amendment rights permitted the Companies to resist the subpoena since he was the only individual capable of producing the requested corporate records and the act of production would be testimonial and potentially self-incriminating. Judge Swain, sitting in the Southern District's emergency part, denied the motion. In re Grand Jury Subpoena Issued June 18, 2009, No. M11-189, 2009 U.S. Dist. LEXIS 71610 (S.D.N.Y. Aug. 4, 2009).

On August 5, 2009, Rennick was indicted on charges of conspiracy, bank fraud, illegal gambling, and money laundering. Subsequently, the Companies refused to comply with the subpoena, leading Judge Sullivan, who was then sitting in the emergency part, to hold them in contempt. In re Grand Jury Subpoena Issued June 18, 2009, No. M11-189 (S.D.N.Y. Aug. 17, 2009).

3

The Companies now appeal.

**DISCUSSION**

We review a finding of contempt under an abuse of discretion standard that is "more rigorous" than usual. EEOC v. Local 638, 81 F.3d 1162, 1171 (2d Cir. 1996). Abuse of discretion review "incorporates, among other things, de novo review [of the] district court['s] rulings of law." United States v. Hasan, 586 F.3d 161, 168 (2d Cir. 2009).

The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. This text "limits the relevant category of compelled incriminating communications to those that are 'testimonial' in character." United States v. Hubbell, 530 U.S. 27, 34 (2000). Because the act of producing documents can be both incriminating and testimonial - such as when it confirms the documents' existence, possession, or authenticity - a subpoenaed party may be able to resist production on Fifth Amendment grounds. See United States v. Doe, 465 U.S. 605, 612-13 (1984).

Under the long-established "collective entity rule," however, corporations cannot avail themselves of the Fifth Amendment privilege. Braswell, 487 U.S. at 104-10. A corollary of this rule is that the custodian of corporate records, who acts as a representative of the corporation, cannot refuse to produce corporate records on Fifth Amendment grounds. See Bellis v.

4

United States, 417 U.S. 85, 90 (1974).  This is true (1) whether the subpoena is directed to the corporation itself or to the custodian in his representative capacity, see id. at 88, and (2) "regardless of how small the corporation may be," id. at 100.

In In re Two Grand Jury Subpoenae Duces Tecum, 769 F.2d 52 (2d Cir. 1985), we considered whether there was an exception to the collective entity rule for a corporation that was "essentially a one-man operation" (nominally, it had three shareholders).  Id. at 54.  There, the subpoenaed party made much the same argument that the Companies make here:  the custodian of corporate records for a one-person corporation could resist the subpoena since he was the only person capable of producing the documents and the act of production would incriminate him personally.  We disagreed, stating emphatically, "[t]here simply is no situation in which the fifth amendment would prevent a corporation from producing corporate records, for the corporation itself has no fifth amendment privilege."  Id. at 57.  Assuming it remains good law, this case appears to resolve the issue now before us.  See United States v. Wilkerson, 361 F.3d 717, 732 (2d Cir. 2004) ("[We] are bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court.").

Since our ruling in In re Two Grand Jury Subpoenae, the Supreme Court decided Braswell v. United States, 487 U.S. 99

5

(1988), a very similar case. There, the targeted corporations were also essentially one-person operations (the owner's wife and mother served alongside the owner as figurehead directors). Although the Supreme Court held that the corporations' custodian of records could not resist a subpoena on Fifth Amendment grounds, it also held that, should the custodian stand trial, the Government could not introduce evidence that the custodian himself produced the records since he acted in his representative and not personal capacity. Id. at 117-18. The Court acknowledged, however, that the jury might permissibly infer that the custodian was the source of the documents based on his position at the corporation. Id. at 118. In a footnote, the Court "le[ft] open the question" of whether a custodian could resist a subpoena where he "is able to establish . . . that the jury would inevitably conclude that he produced the records," such as where the corporation was truly a one-person operation. Id. at 118 n.11.

We conclude that Braswell did not overrule In re Two Grand Jury Subpoenae. The Supreme Court explicitly withheld decision on the question of whether an actual one-person corporation could resist a subpoena on Fifth Amendment grounds. This non-decision does not call into question our categorical finding that "[t]here simply is no situation" in which a corporation can avail itself of the Fifth Amendment privilege. In re Two Grand Jury

*Subpoenae*, 769 F.2d at 57. We note that we are not the first circuit court to conclude that *Braswell* did not overrule such precedent. *See* *Amato v. United States*, 450 F.3d 46, 51 (1st Cir. 2006).

Our conclusion that a one-person corporation cannot avail itself of the Fifth Amendment privilege is not only supported by our precedent, but is sensible. First, it prevents the erosion of the "unchallenged rule that the [corporation] itself is not entitled to claim any Fifth Amendment privilege." *Bellis*, 417 U.S. at 90. Second, it recognizes that the decision to incorporate is freely made and generates benefits, such as limited liability, and burdens, such as the need to respond to subpoenas for corporate records. *See* *Amato*, 450 F.3d at 52. Third, it avoids creating a category of organizations effectively immune from regulation by virtue of being beyond the reach of the Government's subpoena power. *See* *United States v. White*, 322 U.S. 694, 700 (1944) ("Were the cloak of the [Fifth Amendment] privilege to be thrown around these impersonal [corporate] records and documents, effective enforcement of many federal and state laws would be impossible."); *see also* *Braswell*, 487 U.S. at 115 (noting the importance of subpoenaing corporate records in the fight against white collar crime). Every other court to have considered this issue has reached the same conclusion for largely the same reasons. *See, e.g.*, *Amato*, 450 F.3d 46, 51-53; *United*

7

States v. Stone, 976 F.2d 909, 912 (4th Cir. 1992); United States v. Milligan, 371 F. Supp. 2d 1127, 1129 (D. Ariz. 2005); SEC v. Bremont, No. 96 Civ. 8771, 1997 U.S. Dist. LEXIS 6125, at \*3 (S.D.N.Y. May 6, 1997); United States v. Maxey & Co., 956 F. Supp. 823, 829 (N.D. Ind. 1997); United States v. Raniere, 895 F. Supp. 699, 706-07 (D.N.J. 1995); United States v. Moseley, 832 F. Supp. 56, 58-59 (W.D.N.Y. 1993).

Finally, we question the basic premise of the Companies' argument, namely, that a jury would inevitably conclude that Rennick himself produced the documents. Although the inference would be strong, it would not be automatic. For example, the jury might believe the Government obtained the documents entirely on its own, such as by conducting a search. Even if the jurors learned that the Government obtained the documents via a subpoena, they might infer that the corporation engaged a third party to search its records and make the production on its behalf.

In sum, the district court did not abuse its discretion in holding the Companies in contempt for failing to comply with the subpoena.

We observe in closing that the subpoena in question requires only that the Companies, and not any particular individual, produce the requested documents; how best to accomplish this is a question for the Companies and not this Court.

## CONCLUSION

For the foregoing reasons, we AFFIRM.