09-3961-cv
Lipin v. Sawyer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand ten.

PRESENT:  ROGER J. MINER,
          BARRINGTON D. PARKER,
          REENA RAGGI,
                    *Circuit Judges.*

-------------------------------------------------------------------

JOAN C. LIPIN,

                                   *Plaintiff-Appellant,*

          v.                                            No. 09-3961-cv

DANA A. SAWYER, J. DOE, NOS. 1-5, being the fictional first and last names of the individuals who conspired with the trespasser, DAVID E. HUNT, who engaged in the tortious actions from which substantial revenue has been and/or is expected to be derived, that have caused injury to the plaintiff,

                                   *Defendants-Appellees.*

-------------------------------------------------------------------

APPEARING FOR APPELLANT:     JOAN C. LIPIN, *pro se*, New York, New York.

APPEARING FOR APPELLEES:     DAVID A. BERGER, Allegaert Berger & Vogel, LLP, New York, New York, *for Defendant-Appellee Dana A. Sawyer.*

Appeal from the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 7, 2009, is VACATED and the case is REMANDED to the district court for further proceedings consistent with this order.

Plaintiff Joan C. Lipin, proceeding pro se, appeals from a judgment dismissing her constitutional and statutory claims against defendants and holding her in civil contempt with an attendant $5,000 fine for failure to comply with an August 2008 filing injunction. She further appeals the district court's decision not to consider her motion for judicial disqualification. "We review the scope of a district court's injunction for abuse of discretion." Catanzano by Catanzano v. Wing, 103 F.3d 223, 228 (2d. Cir. 1996) (internal quotation marks omitted). "We review a finding of contempt under an abuse of discretion standard that is more rigorous than usual." In re Grand Jury Subpoena Issued June 18, 2009, 593 F.3d 155, 157 (2d Cir. 2010) (internal quotation marks omitted). We review the denial of a recusal motion for abuse of discretion. See LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.    Dismissal for Violation of Filing Injunction

We have already dismissed Lipin's previous appeal from the imposition of the August 2008 filing injunction pursuant to our inherent authority to dismiss an appeal that "presents

2

no arguably meritorious issue for our consideration." Pillay v. INS, 45 F.3d 14, 17 (2d Cir. 1995); see Lipin v. Hunt, No. 08-1514-cv (2d Cir. Nov. 14, 2008).  In this appeal, however, Lipin challenges the application of the district court's filing injunction to a lawsuit she filed in state court that was removed to federal court.

In In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984), we held that the district court erred in issuing a filing injunction to the extent it included a "blanket extension of the injunction to state courts," because "[a]buse of state judicial processes is not per se a threat to the jurisdiction of Article III courts and does not per se implicate other federal interests." Id. at 1263.  We upheld the injunction to the extent it required Martin-Trigona "to append pertinent informational materials to pleadings in state courts" and recommended that the district court

> fashion an injunction prohibiting Martin-Trigona from bringing new actions in any tribunal without leave from the district court against persons who have encountered him in any capacity in litigation in the District of Connecticut or in this court, including, but not necessarily limited to, court personnel, counsel, and the families and professional associates of such persons.

Id.

As Lipin initially filed the complaint here at issue in state rather than federal court, In re Martin-Trigona compels us to conclude that the district court erred in dismissing her action based on a violation of the filing injunction.  In ruling otherwise, the district court relied on the fact that the language of the filing injunction does not limit its application to any

3

particular court and observed that the state action related to the Moose Pond property dispute that had triggered the filing injunction. We nevertheless conclude that In re Martin-Trigona does not permit a district court to enforce a blanket filing injunction against a party that requires her to seek permission from a federal district court before filing claims in state court. See id. What In re Martin-Trigona approved was an injunction that prohibited new actions in "any tribunal" against "persons who have encountered [plaintiff] in any capacity in litigation in the" federal district court. See id.

2.     Contempt

Additionally, as the applicability of the filing injunction to state court filings was not clear and unambiguous from the language of the injunction, we are compelled to conclude that the district court exceeded its discretion in holding Lipin in contempt and imposing monetary sanctions for violating the injunction. See, e.g., Southern New Eng. Tel. Co. v. Global NAPs Inc., --- F.3d ----, ----, 2010 WL 3325962, at *16 (2d Cir. Aug. 25, 2010) (noting that court may hold party in contempt for failure to comply with order only where order is "clear and unambiguous").[1]

3.     Recusal

To the extent Lipin appeals from the district court's order declining to consider the motion to disqualify itself, we identify no abuse of discretion because Lipin's notice of

---

[1] We have cautioned plaintiff that if she maintains this action in the district court, that court may consider the imposition of sanctions pursuant to Fed. R. Civ. P. 11(c) or 28 U.S.C. § 1927.

4

appeal removed the case from the district court's jurisdiction. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). While Lipin may renew the motion on remand, we note that adverse "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

For the foregoing reasons, the August 7, 2009 judgment of the district court is VACATED and the case is REMANDED to the district court for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court