14-4394-cv
SEC v. Durante

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
　　　　　　REENA RAGGI,
　　　　　　PETER W. HALL,
　　　　　　　　　*Circuit Judges*.
----------------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,
　　　　　　　　　*Plaintiff-Appellee*,

　　　　　v.　　　　　　　　　　　　　　　　No. 14-4394-cv

EDWARD A. DURANTE, AKA "Ed Simmons,"
　　　　　　　　　*Defendant-Appellant*,

WAMEX HOLDINGS, INC., BERKSHIRE CAPITAL PARTNERS, INC., DOTTENHOFF FINANCIAL LTD., GALTON SCOTT & GOLETT INC., COMMONWEALTH ASSOCIATES, LTD., PROVIDENT PARTNERS, LTD., FAIRMONT CONSULTING, INC., ZIMENN IMPORTING AND EXPORTING, INC., RENAISSANCE GALLERY, INC., TREVOR KOENIG, ROGER M. DETRANO, MITCHELL H. CUSHING, RUSSELL A. CHIMENTI, JR., CHARLES R. EISENSTEIN, ALFRED PEEPER, EUGENE C. GEIGER, HEARTLAND CAPITAL, SCOTT CAMERON, ROGER H. CHLOWITZ, DAVID

1

WEISS, BRUCE M. MILLSTEIN, EXCHANGE BANK & TRUST, INC., VJV INC., ORIENTAL NEW INVESTMENTS, LTD., ORIENTSTAR FINANCE, LTD., LAURA DETRANO, as the Administrator of the Estate of Roger M. DeTrano,

*Defendants*.[1]

------------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR APPELLANT: | RICHARD D. WILLSTATTER (JaneAnne Murray, Murray Law LLC, Minneapolis, Minnesota, *on the brief*), Green & Willstatter, White Plains, New York. |
| | |
| APPEARING FOR APPELLEE: | TRACEY A. HARDIN, Assistant General Counsel (Anne K. Small, General Counsel; Michael A. Conley, Deputy General Counsel; Jacob H. Stillman, Solicitor; Christopher Paik, Special Counsel, *on the brief*), Securities and Exchange Commission, Washington, D.C. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*; Andrew J. Peck, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on September 25, 2014, is AFFIRMED.

Defendant Edward A. Durante appeals from an order holding him in contempt for failing to satisfy a 2002 default judgment (the "Judgment") entered against him in a civil enforcement action brought by the SEC and directing him, within 45 days of the order, (1) to provide an accurate accounting of his income and assets and (2) to turn over all assets listed in his plea agreement in a parallel criminal prosecution, or to be imprisoned

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

pending compliance.[2]   Because Durante is currently incarcerated in connection with unrelated criminal charges, the incarceration ordered for contempt cannot be executed at this time.   Nevertheless, Durante challenges the contempt adjudication as: (1) based on invalid findings; (2) equitably barred by laches, waiver, estoppel, and unclean hands; and (3) violative of his Fifth Amendment right against self-incrimination.   Durante also appeals the denial of his motion to modify the Judgment under Fed. R. Civ. P. 60(b) as time-barred, arguing that his delay was reasonable under the circumstances.   We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[3]

1.    Order of Contempt

Durante challenges the validity of the district court's contempt finding as well as its rejection of his equitable defenses.   Both challenges fail.

a.    Contempt Finding

A party may be held in civil contempt of a court order if (1) the order is clear and unambiguous, (2) proof of noncompliance is also clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.   See Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369

---

[2] Durante pleaded guilty to, inter alia, conspiracy to commit securities fraud and money laundering in connection with a scheme to manipulate the market for shares of WAMEX Holdings, Inc., and was sentenced principally to 121 months' imprisonment.

[3] We have jurisdiction because an order disposing of civil contempt proceedings is appealable as a final decision under 28 U.S.C. § 1291 where, as here, those proceedings are instituted after the conclusion of the principal action rather than during its pendency. See Latino Officers Ass'n City of N.Y., Inc. v. City of New York, 558 F.3d 159, 163 (2d Cir. 2009).

F.3d 645, 655 (2d Cir. 2004). In reviewing a contempt order, we examine legal conclusions de novo and factual determinations for clear error, while applying an abuse-of-discretion standard to the ultimate finding of contempt that is "more rigorous than usual." In re Grand Jury Subpoena Issued June 18, 2009, 593 F.3d 155, 157 (2d Cir. 2010) (internal quotation marks omitted). Applying these principles here, we affirm substantially for the reasons stated in the thorough and well-reasoned Report and Recommendation ("R&R") of Magistrate Judge Peck.

The Judgment ordered that Durante "shall pay $39,880,680.86, jointly and severally with [his codefendants] . . . representing disgorgement of $33,783,565.26 and pre-judgment interest in the amount of $6,097,115.60." App'x 51 (emphasis added). This was sufficiently clear and unambiguous to leave "no uncertainty in the minds of those to whom [it was] addressed," who could plainly "ascertain from the four corners of the order" precisely which acts were required. Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 142–43 (2d Cir. 2014) (internal quotation marks omitted). Durante nevertheless argues that the Judgment is "ambiguous" with respect to whether it (1) imposes liabilities cumulative to those of other defendants, (2) deducts offsetting trading losses and brokerage fees, or (3) includes amounts Durante never received. As the SEC points out, this argument conflates two questions: (a) whether disgorgement was properly calculated, which Durante never challenged at the appropriate stage of the litigation; and (b) whether the Judgment was clear and unambiguous. The latter inquiry "'does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed.'"

4

Huber v. Marine Midland Bank, 51 F.3d 5, 8 (2d Cir. 1995) (quoting United States v. Rylander, 460 U.S. 752, 756 (1983)).

Durante's claim that the order is not supported by clear and convincing evidence of his noncompliance is equally meritless. Unable to dispute that he has paid less than half of the sum ordered by the Judgment, Durante argues that the district court ignored: (1) evidence that he "disgorge[d]" his ill-gotten gains by turning over millions of dollars of assets to his attorneys in 2002, and (2) "all evidence suggest[ing] that restitution was made" in the parallel criminal case. Appellant Br. 28, 29. Neither argument persuades us. Because the Judgment ordered that Durante "pay" the sum specified to the Clerk of Court, his proffered "disgorgement" by assignment or transfer of assets to a third party is irrelevant. The fact that the Judgment indicated that the amount to be paid "represent[s] disgorgement" did not absolve Durante of his obligation to "pay" that particular amount as ordered. App'x 51. Nor is there evidence—as both Durante and his attorney acknowledge, see id. at 100, 111—that restitution was ever ordered in connection with Durante's criminal conviction, much less that such restitution was ever paid.

Nor can Durante fault the district court's finding that he has not "diligently attempted to comply" with the Judgment "in a reasonable manner." Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d at 655 (internal quotation marks omitted). Magistrate Judge Peck detailed Durante's long history of deceit in concealing income and assets that might be used to satisfy the Judgment. For example, substantial evidence of Durante's access to nearly $1.7 million between 2009 and 2011—which Durante does not dispute on appeal—together with his

5

failure to pay more than $20,000 toward the Judgment during that same period easily supported the finding that he did not diligently attempt to comply in a reasonable manner. Durante's demonstrated and undisputed access to these funds also defeats his claim that compliance was factually impossible. See Huber v. Marine Midland Bank, 51 F.3d at 10 ("burden of proving plainly and unmistakably that compliance is impossible rests with the contemnor" (emphasis in original) (internal quotation marks omitted)); accord CFTC v. Armstrong, 269 F.3d 109, 112 (2d Cir. 2001).

Accordingly, the district court committed no legal or factual error but, rather, acted within its discretion in holding Durante in civil contempt of the Judgment.[4]

b.      Equitable Defenses

Durante's equitable defenses warrant no different conclusion. As this court has held, laches is not available against the federal government where, as here, "it undertakes to enforce a public right or protect the public interest," Cayuga Indian Nation of N.Y. v. Pataki, 413 F.3d 266, 279 n.8 (2d Cir. 2005) (internal quotation marks omitted); see generally FTC v. Bronson Partners, LLC, 654 F.3d 359, 372 (2d Cir. 2011) (recognizing disgorgement as "distinctly public-regarding remedy"). Durante urges otherwise, arguing that funds paid in can be distributed to the injured victims of his fraud. The argument is defeated by precedent. "While agencies may, as a matter of grace, attempt to return as much of the disgorgement proceeds as possible, the remedy is not, strictly

---

[4] Durante's challenge to the adverse inferences drawn from his wife's invocation of the Fifth Amendment in response to questions regarding her assets fails for the reasons stated in Magistrate Judge Peck's R&R.

speaking, restitutionary at all, in that the award runs in favor of the Treasury, not of the victims." FTC v. Bronson Partners, LLC, 654 F.3d at 373.

Nor is there any merit to Durante's claim of waiver. To support his waiver defense, Durante points to his 2004 SEC deposition, at which he claimed to have already transferred or abandoned ownership of certain assets. The argument fails because the SEC's follow-up questions—which relied on his responses as the premise of further inquiry—provide no basis for concluding that the SEC adopted Durante's testimony, much less that it thereby "intentional[ly] relinquish[ed] a known right" to Durante's payment of the Judgment. Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 61 (2d Cir. 1999). That Judgment obligated Durante to pay nearly $40 million; it did not invite Durante to speculate as to the whereabouts of his assets and leave it to the SEC to find them. Cf. EEOC v. Local 638, 753 F.2d 1172, 1179 (2d Cir. 1985) (observing that even if plaintiffs may have been in best position to bring defendants' noncompliance to court's attention, it was defendants who were charged with reasonable diligence and making energetic efforts to comply with orders of court).[5]

In urging estoppel, Durante claims that the SEC acknowledged his compliance with the Judgment in 2004. This mischaracterizes the record, which reflects no such acknowledgment, much less one that is susceptible of justifiable reliance, see, e.g., OSRecovery, Inc. v. One Groupe Int'l, Inc., 462 F.3d 87, 93 n.3 (2d Cir. 2006) (stating

---

[5] Accordingly, we need not address the R&R's determination that Durante was, as a general matter, barred by precedent from asserting a defense of waiver against the SEC. See Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 482 (2d Cir. 2014) (approving affirmance on any basis supported by record).

that estoppel requires (1) misrepresentation of fact "with reason to believe that the other party will rely on it," and (2) reasonable reliance in fact, (3) to that party's detriment), or that is sufficient to render the district court's contrary interpretation clearly erroneous. Moreover, Durante fails to make the showing of "affirmative misconduct" necessary to succeed on this defense.  O'Rourke v. United States, 587 F.3d 537, 542 (2d Cir. 2009) (internal quotation marks omitted); see Rojas-Reyes v. INS, 235 F.3d 115, 126 (2d Cir. 2000) (stating that equitable estoppel is available against government only in "the most serious of circumstances" and "is applied with the utmost caution and restraint" (internal quotation marks omitted)).

To the extent Durante's defense of unclean hands is even cognizable—for which proposition he has cited no binding authority—it is meritless for many of the same reasons.  Moreover, in the context of Durante's incarceration from 2002 to 2009, there is nothing in the record to suggest that the SEC's 2011 decision to enforce the 2002 default judgment—after evidence emerged of Durante's access to large sums of money between 2009 and 2011—represented "egregious" misconduct resulting in prejudice that rises "to a constitutional level."  In re Beacon Assocs. Litig., Nos. 09 Civ. 777(LBS)(AJP), 10 Civ. 8000(LBS)(AJP), 2011 WL 3586129, at *3 (S.D.N.Y. Aug. 11, 2011) (internal quotation marks omitted).

In sum, the district court properly rejected each of Durante's equitable defenses.

2.    Rule 60 Motion

The dismissal on timeliness grounds of Durante's motion to modify the Judgment under Fed. R. Civ. P. 60(b)(5) or (b)(6) manifests no abuse of discretion.  See, e.g.,

8

Maduakolam v. Columbia Univ., 866 F.2d 53, 55–56 (2d Cir. 1989) (reviewing denial of Rule 60(b) motion as time-barred for abuse of discretion).   The district court reasonably concluded that Durante's motion, filed more than 11 years after the Judgment issued, was not made "within a reasonable time."   Fed. R. Civ. P. 60(c)(1).   No different conclusion is warranted by the circumstances identified by Durante as excusing his delay, including his incarceration between 2002 and 2009.   See PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983) ("In considering whether a Rule 60(b)(6) motion is timely, we must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay.").   Even if Durante believed in 2004 that the SEC had deemed the Judgment satisfied, which belief—as we have already explained—was unjustifiable, his more than 29-month delay in seeking Rule 60(b) relief in response to the SEC's June 2011 demand for payment was not only unreasonable, cf., e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (ruling pro se prisoner's 26-month delay unreasonable); Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (ruling 18-month delay unreasonable), but also without explanation.

3.    Fifth Amendment Violation

Durante argues that the contempt order violates the Fifth Amendment insofar as it requires him to "provide the SEC with an accurate accounting of his income and assets," App'x 328.   Durante asserts that use of the word "accurate" presumes the falsity of his prior sworn statement as to his income and assets, and thus, effectively requires him to admit perjury as a condition of his release.   Because Durante did not raise this objection in the district court, we deem it forfeited on appeal.   See United States v. James, 712

9

F.3d 79, 105 (2d Cir. 2013). Durante has not, thus far, specifically invoked the Fifth Amendment in the district court. To the extent he can raise a colorable claim of self-incrimination in opposition to any part of the order, he may certainly do so, at which point that court, with the benefit of such arguments as the parties may present, can decide whether to modify its order in any respect.

4.      Conclusion

We have considered Durante's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED without prejudice to Durante's seeking further review from that court at such time as he is imprisoned pursuant to the contempt order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court