Vassel v. Firststorm Properties 2 LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

_____

PAUL ANTHONY VASSEL, son of VASSEL, living man, EXECUTOR EX REALATIONE PAUL VASSEL,

    *Plaintiff-Appellant*,

    v.                        17-1742

FIRSTSTORM PROPERTIES 2 LLC, FIRSTSTORM PARTNERS 2 LLC, Trustee (TBD) as Trustee for Securitized Trust, Servicer (TBD), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MICHAEL F. KING, PLAZA GARDENS REAL ESTATE CORP., WILLIAM MCDONALD, MARK R. CASHMAN, ALBERT BASAL, FARREL R. DONALD, STEPHEN SAMUEL WEINTRAUB, DAVID GONGORA, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, TRIMONT REAL ESTATE ADVISORS, LLC, and DOES, 1-100,

*Defendants-Appellees*,

**GREYSTONE BANK, AKA**
**GREYSTONE COMPANY, INC., AKA**
**GREYSTONE MULTIUNIT LLC,**
**JEFFREY A. BODOFF, and**
**ABRAMSON LAW GROUP, PLLC,**

*Defendants*.

_____

**FOR PLAINTIFF-APPELLANT:**    Paul Anthony Vassel, pro se, Jamaica, NY.

**FOR DEFENDANTS-APPELLEES:**    Barry G. Felder, Rachel E. Kramer, Foley & Lardner LLP, New York, NY, for Mortgage Electronic Registration Systems, Inc.

Alan F. Kaufman, Hinshaw & Culbertson LLP, New York, NY, for Firststorm Properties 2 LLC, Firststorm Partners 2 LLC, William McDonald, Mark R. Cashman, David Gongora and Trimont Real Estate Advisors, LLC.

Michael J. Siris, Solomon & Siris, P.C., Garden City, NY, for Plaza Gardens Real Estate Corp. and Old Republic National Title Insurance Co.

Mark Kenneth Anesh, Lewis Brisbois Bisgaard & Smith LLP, New York, NY, for Michael F. King.

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Matsumoto, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, and that the injunction ordered by the district court is **AFFIRMED** in part, and **VACATED** and **REMANDED** in part.

Paul Anthony Vassel, pro se, sued several individuals and entities in connection with a foreclosure proceeding initiated against him after he allegedly defaulted on a mortgage. The district court dismissed Vassel's complaint as barred by both claim and issue preclusion, and imposed a filing injunction on Vassel, prohibiting him from (among other things) filing further related actions. Vassel appeals the dismissal as well as the injunction. We assume the parties'

familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** We review de novo the district court's res judicata ruling. *Brown Media Corp. v. K&L Gates*, *LLP*, 854 F.3d 150, 157 (2d Cir. 2017). "The doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* (internal quotation marks and italics omitted). Res judicata bars an action if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Vassel's action is barred by the doctrine of res judicata. First, his previous action involved an adjudication on the merits. Second, Vassel was a plaintiff in both actions. And third, Vassel either raised, or could have raised, the same claims in his first action. Because we hold that dismissal on the basis of res judicata was proper, we need not consider whether dismissal was also proper on the basis of issue preclusion. Nonetheless, we further hold that, even assuming some of Vassel's claims fall outside the scope of both preclusion doctrines, they were properly dismissed as patently meritless.

**2.** We review the imposition of a filing injunction under the district court's inherent authority for abuse of discretion. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). "A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process," and "[t]he filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996); *see also Sassower v. Field*, 973 F.2d 75, 80–81

3

(2d Cir. 1992) (noting that a district court may sanction a party for litigating "in bad faith, vexatiously, wantonly, or for oppressive reasons").

We consider several factors in determining whether and to what extent a litigant should be prohibited from filing future actions: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation," including whether the litigant has "an objective good faith expectation of prevailing[]; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

The district court acted within its discretion when it decided to impose a filing injunction on Vassel. Vassel has filed multiple actions related to the same foreclosure proceeding and against many of the same defendants. The claims raised in these actions have been duplicative, precluded, or patently meritless. In the district court, Vassel was recalcitrant and non-compliant. And the district court warned Vassel before issuing the injunction and permitted him to respond. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). Circumstances like these warrant "some restriction" on a litigant's ability to file future actions. *Safir*, 792 F.2d at 24. However, the injunction imposed on Vassel exceeds the bounds of the district court's discretion in two respects.[1]

---

[1] "We address only [those two] issues. . . . [T]o the extent that certain provisions of the [injunction] order are not mentioned [herein], we agree with and affirm the district court." *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (reviewing a filing injunction).

4

First, the district court's injunction--which prohibits Vassel from initiating lawsuits related to the foreclosure proceeding or against the parties named in his earlier suits--is imposed with equal force in both federal and state court. However, principles of federalism and comity counsel against the "blanket extension" of filing injunctions to proceedings in state court. *Martin-Trigona*, 737 F.2d at 1262–63. Accordingly, we have vacated filing injunctions insofar as they prohibit filings in state court that concern a particular subject. *See id.* at 1263; *Lipin v. Sawyer*, 395 F. App'x 800, 801–02 (2d Cir. 2010). At the same time, the protection of parties abused in federal litigation falls within the province of the federal courts; so we have upheld filing injunctions "prohibit[ing] [the plaintiff] from initiating lawsuits or other matters in any . . . state[] or local forum against persons or entities that have encountered him [in] or had any connection with" the various federal court proceedings that gave rise to the injunction order. *In re Martin-Trigona*, 763 F.2d 140, 142 (2d Cir. 1985); *see also Doe v. Republic of Poland*, 531 F. App'x 113, 115–16 (2d Cir. 2013) (noting that a district court may enjoin a "vexatious litigant 'from bringing new actions in any tribunal' . . . against persons whom the litigant has previously harassed through [federal] judicial proceedings" (quoting *Martin-Trigona*, 737 F.2d at 1263)). We therefore affirm the district court's order to the extent that it restricts Vassel's ability to file suit in state court against specified parties, but vacate it in part and remand for the district court to remove the broader prohibition on filing state court actions. The district court is not precluded on remand from placing further permissible "qualifications" on Vassel's access to state court.[2]

---

[2] For example, the district court may, in its discretion, modify the injunction order to require Vassel to append a copy of it "to [any future] pleading[] [he files] in state court[]." *Martin-Trigona*, 737 F.2d at 1262–63; *accord Republic of Poland*, 531 F. App'x at 115.

*Martin-Trigona*, 737 F.2d at 1263.

Second, the injunction prohibits Vassel outright from filing certain lawsuits, without permitting him to seek leave of the court to do so. Although "we are unable to divine any relief still available to [Vassel] . . . relating to" the foreclosure proceeding or against the relevant parties, an injunction precluding him--a pro se litigant--from instituting an action under any circumstance is "overly broad," as it "foreclose[s] what might be a meritorious claim." *Safir*, 792 F.2d at 25. Accordingly, we vacate the district court's order in relevant part and remand with instructions that the district court "modify the injunction to provide that [Vassel] is prevented only from commencing [the specified] actions . . . *without first obtaining leave of the district court*." *Id.* (emphasis added).

\*   \*   \*

We have considered Vassel's remaining arguments--including his jurisdictional challenges--and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**, and the order enjoining Vassel's activities is **AFFIRMED** in part, and **VACATED** and **REMANDED** in part, with instructions that the district court enter a revised injunction consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court