17-3658
*United States v. Assa Co. Ltd.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand and nineteen.

Present:
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA, RENAY FRYM, STUART E. HERSH, ABRAHAM MENDELSON, DANIEL MILLER, ELENA ROZENMAN, NOAM ROZENMAN, TZVI ROZENMAN, DEBORAH RUBIN, JENNY RUBIN, DANIEL MILLER, CARLOS ACOSTA, MARIA ACOSTA, TOVA ETTINGER, IRVING FRANKLIN, BNORMAN KAHANE, ETHEL J. GRIFFIN,

*Plaintiffs-Appellees,*

CARLOS ACOSTA, ET AL.,

*Claimants-Appellees,*

v.                                        17-3658

ASSA CO. LTD., ASSA CORPORATION,

*Defendants-Appellants*,

ALL RIGHT, TITLE, AND INTEREST OF ASSA CORPORATION, ET AL.,

*Defendants-in-rem*.

———————————————

| | |
|---|---|
| For Defendants-Appellants: | PETER I. LIVINGSTON, Anderson Kill P.C., New York, NY (Deborah B. Koplovitz, Anderson Kill P.C., New York, NY; Donald F. Luke, Marjory T. Herold, Jaffe & Asher LLP, New York, NY, *on the brief*). |
| For the Government: | DANIEL M. TRACER, Assistant United States Attorney (Michael D. Lockard, Daniel B. Tehrani, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

———————————————

The facts giving rise to this appeal are discussed in an accompanying opinion. This summary order addresses Defendants-Appellants Assa Co. Ltd. and Assa Corporation's (collectively, "Assa") challenges to various discovery orders and an order denying a 2011 motion to stay. We assume the parties' familiarity with the matter and issues discussed herein.

**ANALYSIS**

We review a district court's decision denying a motion to stay for abuse of discretion. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). "We review discovery

rulings for abuse of discretion." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008).

We find no abuse of discretion in the district court's order denying Assa's 2011 motion to stay under 18 U.S.C. § 981(g)(2). The statute requires a finding that the "continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case." 18 U.S.C. § 981(g)(2)(C). The court correctly concluded that Assa could not avail itself of § 981(g)(2) because, as a corporation, it does not have a right against self-incrimination. *See In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 157 (2d Cir. 2010) ("[C]orporations cannot avail themselves of the Fifth Amendment privilege.").

Assa attempts to bootstrap itself to its corporate officers for the purpose of its Fifth Amendment argument. But § 981(g)(2)(C) requires a finding that the "continuation of the forfeiture proceeding will burden the right *of the claimant* against self-incrimination." 18 U.S.C. § 981(g)(2)(C) (emphasis added). The corporate officers are not claimants here— only Assa is.

Assa additionally argues that the district court should have "grant[ed] the stay as a matter of public policy." Appellant Br. 61. To the extent this is an argument that the court should have acted on some ground other than § 981(g), we find no abuse of discretion in the court's well-reasoned analysis of why public policy did not counsel in favor of a stay.

Next, Assa argues that several of the district court's discovery orders amount to abuses of discretion. We hold that none of them do.

First, Assa contends that the court erred by *sua sponte* striking the declaration of Davood Shakeri, one of Assa Co. Ltd.'s purported owners. The court struck the declaration as a Rule 37 sanction for Assa's repeated failure to make Shakeri available for a deposition. After months of back and forth, Assa told the court three days before a deposition scheduled in Dubai that Shakeri would sit to be deposed. Shakeri did not follow through. The court found that considering his declaration would have been unfair to the Government because it was not given the opportunity to cross-examine him. We find no abuse of discretion in that decision.

Second, Assa argues that the district court abused its discretion by drawing adverse inferences against Assa based on the presumed testimony of Shakeri, Fatemah Aghamiri, and Mohammad Hassan Deghani Tafti. As with Shakeri, Assa repeatedly told the court that it would make Aghamiri and Tafti available for depositions and then failed to do so. However, the court ultimately chose not to draw an adverse inference against these witnesses. *See* Special App. 154–55. This issue is therefore moot.

Third, Assa makes a series of related challenges to additional discovery orders. We need not consider whether the court should have sanctioned the Government for failing to produce a witness list in the lead up to the planned 2013 trial, as the trial never occurred. This issue is moot. To the extent Assa argues that the court erroneously failed

4

to sanction the Government for failing to comply with discovery requests involving the Office of Foreign Assets Control, we reject this argument because the court subsequently found that the evidence was privileged.[1]

### CONCLUSION

We have considered Assa's remaining challenges and identify no abuse of discretion. We **AFFIRM** the orders denying the motion to stay and the challenged discovery orders.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We are unable to review the materials Assa sought from OFAC because they are not in the appellate record. We thus express no opinion on whether the court erroneously denied Assa's motion to compel their production.